IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2011

GREGORY C. LANGHAM
　　　　　　　　CLERK

Civil Action No. 10-cv-03001-LTB

MOHAMED FARAY,

    Plaintiff,

v.

GENELEX CORPORATION,

    Defendant.

---

ORDER CONSTRUING LETTER AS A
MOTION TO RECONSIDER AND DENYING MOTION

---

On May 2, 2011, Plaintiff Mohamed Faray submitted a Letter to the Court. The Court must construe the Letter liberally because Plaintiff is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, therefore, will treat the Letter as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e). For the reasons stated below the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). See *Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under

Rule 59(e)). Plaintiff's Motion was filed within twenty-eight days after the Court's Order of Dismissal was entered on April 7, 2011. Therefore, the Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). In the Motion to Reconsider, Plaintiff claims he was in a coma from December 31, 2010, until January 31, 2011, and now seeks to "reopen" this action.

Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Plaintiff fails to demonstrate some reason why the Court should alter or amend the April 7 Order of Dismissal in this action. Plaintiff is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new civil action if he chooses. Accordingly, it is

ORDERED that the Letter (Doc. No. 13) filed on May 2, 2011, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this __5th__ day of ___May___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03001-BNB

Mohamed Faray
PO Box 461172
Glendale, CO 80246

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk